**Charles GREEN, Appellant,**

**v.**

**The STATE of Texas, State.**

**Nos. 2–95–513–CR, 2–95–514–CR.**

Court of Appeals of Texas,
Fort Worth.

March 13, 1997.

Terry M. Casey, Fort Worth, for Appellant.

Tim Curry, Criminal Dist. Attorney, Betty Marshall, Charles M. Mallin, Asst. Chiefs of Appellate Section, Debra Ann Windson, Greg Pipes, Andrea Rentie, Asst. Criminal Dist. Attorneys, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Charles Green was convicted by the jury of sexual assault of a child under fourteen years old and aggravated sexual assault of a child under seventeen years old. In each cause, the jury sentenced him to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $10,000. Appellant brings one point of error, arguing that the trial court committed reversible error in denying his limiting instruction regarding the extraneous offense admitted into evidence.[1] We affirm.

Appellant cross-examined the complainant as follows:

Q. And wasn't there also, to your knowledge, problems between your grandmother and Charles Green?

A. I remember a time when he had pulled a gun on my grandmother and my mom, but I didn't know exactly what they were arguing about.

Appellant did not object to the testimony and did not request a limiting instruction at that time. At the conclusion of evidence,

however, he requested the following jury instruction:

You are instructed that if there is any testimony before yo [sic] in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent, knowledge, design, scheme, or system of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

The trial court refused the instruction.

Appellant does not contend that the complainant's testimony was erroneously admitted. He elicited the statement in an attempt to show that the sexual assault allegations were made in retaliation for a family disagreement.

While we find no case directly on point, the reasoning of the Texas Court of Criminal Appeals in *Garcia v. State*[2] is instructive. In *Garcia*, extraneous offenses were admitted into evidence at the guilt phase of the trial. There was no limiting instruction, so the extraneous offenses were admitted for all purposes. At the punishment phase, the State re-offered the evidence from the guilt phase of the trial. The defendant did not object and, again, did not request a limiting instruction. He did, however, request a limiting instruction in the court's charge, and the trial court refused the request. The defendant complained on appeal that the trial court had improperly denied his request for the limiting instruction. The Court of Criminal Appeals held that "[w]ithout at least an objection to the re-introduction of the evidence, appellant forfeited any error and the evidence was admitted into the punishment phase of trial as probative of any question to

---

1. The Court commends and thanks both the State and Appellant for their excellent briefs.

2. 887 S.W.2d 862 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

which it was relevant."[3] In the case before us, there was no request for a limiting instruction at the time the evidence was admitted, nor was there an objection to the evidence. The Court of Criminal Appeals has held in *Rankin v. State*[4] that rule 105 requires the limiting instruction upon request at the time the evidence is admitted, and that the instruction should not be deferred until the charge.[5]

In the case before us, Appellant, not the State, offered the evidence of an extraneous offense. He elicited the evidence in support of his defense. He elicited the evidence for all purposes and did not limit it in any way. If the State had attempted to offer evidence of the extraneous offense, it would have been able to offer the evidence only for the limited purpose of assisting the jury in determining the intent, knowledge, design, scheme, or system of Appellant in connection with the offense for which he was on trial.[6] But when such evidence is offered by the defense, there is no such limitation—the defense may offer it for all purposes. This is the case before us. Because the defense did not limit the evidence it elicited from the complainant, the defense offered it for all purposes.

The limiting instruction would have been improper because the defense is not required to prove the extraneous offense beyond a reasonable doubt and, unless the defense specifically limits the purpose for which it offers evidence, it offers the evidence for all purposes. Thus, the trial court did not err in refusing Appellant's requested charge. We overrule Appellant's point of error.

The judgment of the trial court is affirmed.

---

3. *Id.* at 879.

4. No. 0374–94, —— S.W.2d —— (Tex.Crim.App. April 10, 1996).

